UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SUTER, et al., ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | |
| ) | |
| v. ) | Case No. 4:10CV1855 FRB |
| ) | |
| THE CARPENTER HEALTH AND ) | |
| WELFARE TRUST FUND OF ) | |
| ST. LOUIS, ) | |
| ) | |
| Defendant/Counter-Claimant. ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiffs' Motion To Dismiss Defendant's Counterclaims (Docket No. 12), filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.  Procedural Background**

Plaintiffs brought this action in the Associate Division of the 21st Judicial Circuit Court, St. Louis County, Missouri.  On October 1, 2010, defendant removed the matter to this Court, alleging that this Court has jurisdiction over plaintiffs' claims inasmuch as they arise under the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. §

---

[1]In the first numbered paragraph of the instant motion, plaintiffs write that "there are fourteen (14) named defendants," followed by a list of individual names.  (Docket No. 12).  For the purposes of these proceedings, those individuals referred to as named defendants are not properly considered defendants because they were not named in plaintiffs' petition as required by Fed.R.Civ.P. 10(a) ("The title of the complaint must name all the parties").

-1-

1332(a)(1)(B).  The parties do not dispute that The Carpenters Health and Welfare Trust Fund of St. Louis (also "Fund") is an employee benefit plan governed by ERISA.

Defendant subsequently filed an Answer and a two-count Counterclaim, acknowledging that plaintiffs are covered individuals under the employee benefit plan (also "Plan").  In Count I of its Counterclaim, defendant alleges that plaintiff Michael Suter was injured in a motor vehicle accident on or about April 27, 2004, for which a third party is or may be responsible.  The Counterclaim alleges that the Plan provides that: "The covered person, and anyone acting on his or her behalf, shall hold the third-party recovery In Trust, as Trustee, for the benefit of the Plan, to be applied first in satisfaction of the reimbursement obligation of the covered person."  (Docket No. 7 at page 5).  Defendant alleges that plaintiffs have received, or will receive, "the settlement sum as the trustees of an express trust, referred to herein as the "Settlement Trust," with the fiduciary duty to apply the Settlement Trust assets to satisfy their reimbursement obligations under the Plan."  (Id. at page 6).  In Count I, defendant seeks a declaration that, if plaintiffs receive money from a third party based on an act or omission that caused injuries for which the Fund paid benefits, that plaintiffs will hold such money as trustees of the Settlement Trust for the benefit of the Fund.  In Count II, defendant seeks a declaration that it is "entitled to impose a charge on the beneficial interest of Plaintiffs in the Plan Asset Trust to satisfy any overpayments of benefits that have been made

-2-

by withholding future benefits payable to Plaintiffs as beneficiaries of said Trust or by recovering benefits already paid." (Id. at page 8).

In support of the instant motion, plaintiffs argue that the Counterclaim fails to state a claim upon which relief can be granted because it seeks legal remedies rather than the narrowly-defined "appropriate equitable relief" contemplated by 29 U.S.C. § 1132(a)(3) of ERISA. In support, plaintiffs argue that defendant has not pinpointed a specifically identifiable fund that is controlled by plaintiffs, and has failed to allege that either plaintiff received funds in a specific amount from a specified person that is particularly identifiable and traceable to a specific fund, as required under the test established by the Supreme Court in Sereboff v. Mid Atlantic Medical Services, 547 U.S. 356 (2006). Plaintiffs state that, according to case law, a beneficiary may only make an equitable claim to specifically identifiable funds that are traceable to a particular payment, and argue that defendant's "vague and indefinite" allegations fall short of meeting this definition.

In response, defendant argues that this court has jurisdiction over its Counterclaim; that it has stated claims under the Declaratory Judgment Act; and that its failure to locate and identify a specific fund is not fatal to its ERISA claims.[2] Having

---

[2] In support of its Memorandum in opposition to the instant motion, defendant submitted various Plan documents, including the subrogation agreement and correspondence from plaintiffs' counsel. (Docket No. 17). Generally, in analyzing a motion to dismiss filed under Rule 12(b)(6) of the Rules of Civil Procedure, courts are required to disregard matters outside the pleadings, but

considered the record and the arguments of the parties, the undersigned determines that plaintiffs' motion will be denied as to Count I of the Counterclaim, and granted as to Count II.

**II. Discussion**

Plaintiffs bring the instant motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which allows a Court to dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must treat all well-pleaded factual allegations as true, and grant the non-moving party all reasonable inferences therefrom. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court is not, however, bound to accept as true legal conclusions that are couched as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

A Motion to Dismiss made pursuant to Rule 12(b)(6) should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. Bell Atlantic Corp., 550 U.S. at 545 (abrogating the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Wisdom v. First

---

may consider some public records, materials that do not contradict the complaint, or materials that are "necessarily embraced by the pleadings." . Noble Systems Corp. v. Alorica Central, LLC, 543 F.3d 978, 982 (8th Cir. 2008) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). In the case at bar, defendant quotes in its Counterclaim the portion of the Plan upon which its claims rest. It is not necessary to consider the matters outside the pleadings, and the undersigned will confine the analysis herein to the four corners of the pleadings.

Midwest Bank of Poplar Bluff, 167 F.3d 402, 406 (8th Cir. 1999). Dismissal is appropriate under Rule 12(b)(6) where the allegations in the complaint show that there is some "insuperable bar" to relief. Benton v. Merrill Lyncy & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008) (citations omitted).

Relevant to the instant motion is 29 U.S.C. § 1132(a)(3) of ERISA's civil enforcement provision, which permits (inter alia) a plan fiduciary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The parties here do not dispute defendant's status as a fiduciary. In addition, neither party has argued, nor is it logical to conclude, that defendant is seeking to enjoin any act or practice which violates the terms of the plan at issue. See 29 U.S.C. § 1132(a)(3)(A). This leaves defendant with the remedies available under 29 U.S.C. § 1132(a)(3)(B).

The U.S. Supreme Court has addressed the scope of the remedial power conferred on district courts by § 1132(a)(3)(B). In Mertens v. Hewitt Associates, 508 U.S. 248, 256-57 (1993), the Supreme Court construed § 1132(a)(3)(B) to authorize only relief typically available at equity, rejecting a claim that sought only compensatory damages. Subsequently, in Great-West Life & Annuity Ins. Co. v. Knudson, the Court further refined the definition of the scope of relief available under § 1132(a)(3)(B), explaining

-5-

that one feature of equitable resolution was that it sought to impose a constructive trust or equitable lien on "particular funds or property in the defendant's possession." 534 U.S. 204, 213 (2002). In Knudson, the Court determined that the relief sought was legal, not equitable, because the funds Great-West sought had been placed in a "Special Needs Trust" under California law, and were outside of Knudson's control. Id. at 214. The Knudson Court therefore characterized the type of relief sought by Great-West as legal, inasmuch as Great-West sought the imposition of personal liability upon Knudson for a contractual obligation to pay money, instead of seeking the imposition of a constructive trust or equitable lien on particular property within Knudson's control, and concluded that suit could not proceed under § 1132(a)(3)(B). Id.

In Sereboff v. Mid Atlantic Medical Services, Inc., cited by plaintiffs, the Sereboffs, insureds under Mid Atlantic's ERISA-regulated Plan, were injured in an auto accident, and the Plan paid for medical expenses incurred as a result. 547 U.S. at 359-60. The Plan contained an "Acts of Third Parties" provision, which required an insured who was injured as the result of an act or omission of a third party to reimburse Mid Atlantic for benefits it paid because of such injuries, if the insured recovers for those injuries from the third party. Id. at 359. The plan administrator sought reimbursement of medical expenses from an investment account that contained funds the Sereboffs had obtained in a tort settlement. Id. at 360. Noting its past decisions that § 1132(a)(3)(B) authorized only equitable relief, the Sereboff Court

-6-

wrote that case law "from the days of the divided bench" confirmed that Mid Atlantic's claim appropriately sought equitable relief:

> In Barnes v. Alexander, 232 U.S. 117, 34 S.Ct. 276, 58 L.Ed. 530 (1914), for instance, attorneys Street and Alexander performed work for Barnes, another attorney, who promised them "One-third of the contingent fee" he expected in the case. Id., at 119, 34 S.Ct. 276. In upholding their equitable claim to this portion of the fee, Justice Holmes recited "The familiar rul[e] of equity that a contract to convey a specific object even before it is acquired will make the contractor a trustee as soon as he gets a title to the thing." Id. at 121, 34 S.Ct. 276. On the basis of this rule, he concluded that Barnes' undertaking "create[d] a lien" upon the portion of the monetary recovery due Barnes from the client, ibid., which Street and Alexander could "follow . . . into the hands of . . . Barnes," "as soon as [the fund] was identified," Id. at 123, 34 S.Ct. 276.

Id. at 363-64.

In characterizing the relief sought in the Sereboff case as equitable, not legal, the Court observed that the "Acts of Third Parties" provision in the Sereboffs' plan "specifically identified a particular fund, distinct from the Sereboffs' general assets - '**[a]ll recoveries from a third party (whether by lawsuit, settlement, or otherwise**)' - and a particular share of that fund to which Mid Atlantic was entitled - '**that portion of the total recovery which is due [Mid Atlantic] for benefits paid**.'" Sereboff, 547 U.S. at 364 (emphasis added). The Court determined that "like Street and Alexander in Barnes, therefore, Mid Atlantic could rely on a 'familiar rul[e] of equity' to collect for the medical bills it had paid on the Sereboffs' behalf," and that this rule "allowed them to 'follow' a portion of the recovery 'into the [Sereboffs'] hands' 'as soon as [the settlement fund] was

-7-

identified,' and impose on that portion a constructive trust or equitable lien." Id.

The Sereboffs argued that Mid Atlantic's suit would not have satisfied the conditions for "equitable restitution" at common law, "particularly the 'strict tracing rules' that allegedly accompanied this form of relief." Id. In rejecting this argument, the Court noted that the Barnes case confirmed that no such tracing requirement applied to equitable liens by agreement or assignment. The Court noted that the Barnes plaintiffs "could not identify an asset they originally possessed, which was improperly acquired and converted into property the defendant held, yet that did not preclude them from securing an equitable lien." Id. at 365. The Court concluded that, under the teaching of Barnes and similar cases, Mid Atlantic's action appropriately sought "equitable relief" under § 1132 (a)(3)(B). Sereboff, 547 U.S. at 369.

A. Count I

Plaintiffs here argue that defendant's Counterclaim fails to state a claim for appropriate equitable relief under § 1132(a)(3)(B) because defendant has not pinpointed a specifically identifiable fund that is distinct from plaintiffs' general assets and is controlled by plaintiffs, and has failed to allege any facts naming a "specifically identifiable 'third party'" who caused Michael Suter's injuries. (Docket No. 19 at page 3).

Regarding Count I of the Counterclaim, there is no impediment to characterizing the relief sought as equitable. The Plan provision identified in the Counterclaim, like the promise

-8-

made in <u>Barnes</u> and like the provision analyzed by the Court in <u>Sereboff</u>, specifically identified a particular fund, to be held in trust, that is distinct from the plaintiffs' general assets: any third-party recovery, to be held in trust for the benefit of the Plan. See <u>Id.</u> at 364 (the plan provision "specifically identified a particular fund, distinct from the Sereboffs' general assets – '[a]ll recoveries from a third party (whether by lawsuit, settlement, or otherwise'"). The Plan provision currently at issue also, as required, specifies the amount of the recovery: the reimbursement obligation. See <u>Id.</u> (the plan provision properly identified a particular share of that fund to which Mid Atlantic was entitled – "that portion of the total recovery which is due [Mid Atlantic] for benefits paid").

Plaintiffs place great emphasis on defendant's failure to pinpoint a particular fund, or prove that plaintiffs have control over any such fund. As noted above, however, the <u>Sereboff</u> Court noted that the <u>Barnes</u> plaintiffs were not precluded from securing an equitable lien because they were unable to pinpoint a specific asset that was originally theirs that the defendant had wrongfully converted and possessed. <u>Sereboff</u>, 547 U.S. at 365. The <u>Sereboff</u> Court noted that an equitable lien by agreement (of the sort at issue in the instant case) did not require the strict tracing recognized as required for equitable liens sought as a matter of restitution, and that Mid Atlantic could "follow" a portion of the third-party recovery "into [plaintiffs'] hands" "as soon as [the settlement funds are] identified," and impose an equitable lien on

-9-

the portion up to the amount of the reimbursement obligation. Id. at 364-65 (quoting Barnes, 232 U.S. at 123). The undersigned therefore determines that, in Count I, defendant seeks equitable relief of the sort recognized as "appropriate equitable relief" for purposes of the applicable civil enforcement provision of ERISA, § 1132(a)(3)(B).

Plaintiffs argue that defendant has no "recognizable claim" against Candice Suter because the Counterclaim fails to allege that she was involved in an accident; she did not sign a subrogation agreement, and she has not received any identifiable funds traceable to a motor vehicle accident. (Docket No. 13 at pages 5-6). Plaintiffs argument is unavailing. As discussed above, the Counterclaim seeks to enforce Plan provisions, and Candice Suter was, along with Michael Suter, a beneficiary of the Plan. Plaintiffs do not cite, nor is the undersigned aware of, any authority supporting the dismissal of Defendant's claims against Candice Suter for the reasons given by plaintiffs.

For the reasons discussed above, in Count I of the Counterclaim, defendant seeks equitable, not legal, relief. Count I therefore properly states a claim for "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3)(B).

B. Count II

In Count II, defendant seeks a declaration that it is "entitled to impose a charge on the beneficial interest of Plaintiffs in the Plan Asset Trust to satisfy any overpayments of benefits that have been made by withholding future benefits payable

-10-

to Plaintiffs as beneficiaries of said Trust or by recovering benefits already paid." (Docket No. 7 at page 8).

There is an impediment to characterizing the relief defendant seeks in Count II of the Counterclaim as equitable: defendant appears to seek to hold plaintiffs personally liable, and to require plaintiffs to reimburse defendant for the benefits defendant paid on their behalf. This is not considered "appropriate equitable relief" for purposes of § 1132(a)(3)(B). As discussed in detail above, restitution is considered to be "appropriate equitable relief" when a claimant seeks to impose a constructive trust or equitable lien over funds or property that, in good conscience, belongs to the claimant. Sereboff, 547 U.S. at 364; Knudson, 534 U.S. at 214. In Count II, however, defendant's claim is that it is entitled to recover something from plaintiffs because it conferred benefits on plaintiffs. The kind of restitution defendant seeks, therefore, is legal: the imposition of personal liability for the benefits conferred. Defendant therefore fails to state a claim upon which relief can be granted under § 1132(a)(3)(B). Knudson, 534 U.S. at 214 (monetary relief in the form of restitution is available only if the action seeks "not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.")

Defendant argues that this court has jurisdiction over its claims pursuant to the Declaratory Judgment Act, and also asks that this court exercise ancillary jurisdiction over its claims.

However, the issue presented in the instant motion is not one of jurisdiction, it is whether defendant's Counterclaim states a claim upon which relief can be granted. Defendant also argues that it has stated claims for relief under the Declaratory Judgment Act. This argument is unavailing. As discussed above, § 1132(a)(3) authorizes only an action "to enjoin any act or practice which violates the terms of the plan" or to "obtain other appropriate equitable relief." 28 U.S.C. § 1132(a)(3); see also Bauhaus USA, Inc. v. Copeland, 292 F.3d 439 (5th Cir. 2002) (ERISA did not authorize employer's declaratory judgment action to enforce plan terms allowing the plan to recover, from any settlement proceeds received by beneficiary, amounts advanced for medical care for medical expenses resulting from third party malfeasance, where the employer's action was not an action "to enjoin any act or practice which violates the terms of the plan" or "to obtain other appropriate equitable relief" within meaning of ERISA.)

On the claims that plaintiffs raise, therefore, Plaintiffs' Motion To Dismiss Defendant's Counterclaims is denied with respect to Count I, and granted with respect to Count II.

C. <u>Redaction of Privileged Information</u>

As noted above, in response to the instant motion, defendant filed, <u>inter</u> <u>alia</u>, various plan documents and correspondence from plaintiffs' counsel. Plaintiffs, in their Reply To Defendant's Memorandum Of Law In Opposition To Plaintiffs' Motion To Dismiss (Docket No. 19), complain that Exhibit A-2

> reveals privileged and confidential personal

>     information of plaintiff Michael Suter. It
>     should have been redacted. In logging to file
>     the documents, Defendants' counsel certified
>     that all privileged material was redacted.
>     Plaintiff Michael Suter requests that the
>     document be withdrawn, if possible, and
>     defendants sanctioned for violating the rules
>     regarding redaction and exposing plaintiff's
>     private information.

(<u>Id.</u> at 1-2).

Plaintiffs offer no citation for the "rules regarding redaction" upon which they rely. Having reviewed the material in question, it appears that the only confidential information revealed therein was Mr. Suter's name, and the last four digits of his Social Security number (the first five numbers were redacted). Eastern District of Missouri Local Rule 2.17 lists the personal identifiers that must be redacted from filings. Regarding Social Security numbers, Rule 2.17(A)(1) provides that only the last four digits of a Social Security number may be listed in a filing. Rule 2.17 does not require the redaction of a party's name from a filing. Nevertheless, plaintiffs are free to file with the Court a motion regarding this issue. Any such motion should specify the authority upon which plaintiffs rely, and should specify the ways in which defendant's filing is in violation.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that, on the claims plaintiffs raise, Plaintiffs' Motion To Dismiss Defendant's Counterclaims (Docket No. 12), is denied with regard to Count I of defendant's

Counterclaim, and granted with regard to Count II of defendant's Counterclaim.

**IT IS FURTHER ORDERED** that Count II of defendant's Counterclaim is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of June, 2011.