```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

MICHAEL SUTER, et al.,            )
                                  )
   Plaintiffs/Counter-Defendants,  )
                                  )
     v.                         )   Case No. 4:10CV1855 FRB
                                  )
THE CARPENTER HEALTH AND          )
WELFARE TRUST FUND OF             )
ST. LOUIS,                        )
                                  )
   Defendant/Counter-Claimant.     )

## MEMORANDUM AND ORDER

Presently before the Court is the Motion For Reconsideration Or, In The Alternative, For Leave To File An Amended Complaint (Docket No. 22) and the Motion For Leave To Amend Memorandum In Support Of Motion For Reconsideration And Motion To Amend Count II Of The Counterclaim By Interlineation (Docket No. 26) filed by defendant The Carpenter Health And Welfare Trust Fund Of St. Louis ("defendant"). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

     Defendant seeks reconsideration of this Court's June 17, 2011 Order to the extent Count II of its Counterclaim was dismissed for failure to state a claim under the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), and alternately seeks leave to amend Count II of its Counterclaim although the deadline for doing so has passed. In support of the instant motions, defendant states that Count II is

-1-

not asserted against plaintiffs, but only against a fund that may never exist, and will apply only to "funds that may become payable to the Plaintiffs **in the future** in the event that Plaintiffs would otherwise be entitled to medical benefits under the terms of the Plan Document." (Docket No. 22 at page 2) (emphasis in original). In its Motion For Leave To Amend, (Docket No. 26), defendant seeks to amend its Memorandum In Support Of Motion For Reconsideration such that paragraph 5 on the second page reads:

> The claim, does not seek to impose personal liability upon Plaintiffs. This is clearly set forth in paragraphs 6(f)-(h) of the Answer, which paragraphs are expressly incorporated in Count II (also Count I) of the Counterclaim. The claim, as stated in paragraph 20 of the Counterclaim, is asserted not against Plaintiffs but only against a Fund that, in fact, may never exist. The claim, by its own terms, and consistent with the ROR provision of the Plan Document will only apply to funds that may become payable to the Plaintiffs in the future in the event that Plaintiffs would otherwise be entitled to medical benefits under the terms of the Plan Document. Clearly, although this is unlikely, that development may never occur in which case the claim by its own terms would not apply.

(Docket No. 26 at page 2).

Defendant emphasizes that it does not seek to impose personal liability upon plaintiffs, but seeks only to impose an equitable lien by agreement upon specific funds that belong to the Fund. (Id.) Citing Sereboff v. Atlantic Medical Services, Inc., 547 U.S. 356 (2006), defendant adds that this claim "is clearly equitable relief within the meaning of § 502 of ERISA (29 U.S.C. § 1132)." (Docket No. 26 at page 2). Plaintiff subsequently filed

a response opposing the relief defendant seeks. (Docket No. 28).

The facts of this case and the applicable Supreme Court precedent were discussed in this Court's previous Memorandum and Order, and will not be fully set out again here. Briefly, however, the equitable relief provided for by § 1132(a)(3) is limited to "those categories of relief that were typically available in equity." Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002) (quoting Mertens v. Hewitt Associates, 508 U.S. 248, 256 (1993)). In the instant motions, however, defendant describes only legal relief, inasmuch as defendant alleges that, to compensate it for benefits it conferred upon plaintiffs, it should be entitled to a lien over other funds that may become payable to plaintiffs in the future in the event they are otherwise entitled to medical benefits under the Plan's terms. (Docket No. 26 at page 2). The basis of this claim is not that plaintiffs hold particular funds that, in good conscience, belong to defendant, but that defendant is contractually entitled to recover some funds for benefits it conferred. This is the type of remedy rejected by the Supreme Court as impermissible under § 1132(a)(3). Knudson, 534 U.S. at 214 ("[t]he basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to *some* funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable – the imposition of a constructive trust or equitable lien on particular property – but legal – the imposition of personal

-3-

liability for the benefits that they conferred upon respondents.") (emphasis in original).

Defendant states that it is seeking funds that in good conscience belong to it; that under Sereboff, the relief it seeks is clearly equitable; and that the other funds it seeks are specific, identifiable, and in the hands of plaintiffs. However, defendant's conclusory statements do little to overcome the fact that it is claiming that it is contractually entitled to some funds to compensate it for benefits it conferred upon plaintiffs, which is a legal, not an equitable, remedy. See Id.

Based upon the Supreme Court precedent discussed herein and in this Court's previous Memorandum and Order, the undersigned concludes that the relief defendant seeks is not authorized by § 1132(a)(3) because it cannot be characterized as equitable relief. On the claims defendant raises in the instant motions, defendant is not entitled to reconsideration of this Court's June 17, 2011 Order, and it fails to establish the good cause required by Rule 16(b) of the Federal Rules of Civil Procedure to amend its Counterclaim following the expiration of the time to do so. See Travelers Indem. Co. of America v. Holtzman Properties, L.L.C., 2009 WL 485056, *1 (E.D. Mo. 2009) (internal citations omitted) ("Where a party seeks leave to amend its complaint after the deadline in the applicable case management order has passed, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend.")

Therefore, for all of the foregoing reasons, on the claims that defendant raises,

**IT IS HEREBY ORDERED** that defendant's Motion For Reconsideration Or, In The Alternative, For Leave To File An Amended Complaint (Docket No. 22) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion For Leave To Amend Memorandum In Support Of Motion For Reconsideration And Motion To Amend Count II Of The Counterclaim By Interlineation (Docket No. 26) is denied.

                                              Frederick R. Buckles
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of July, 2011.