UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SUTER, et al., ) | |
| ) | |
|    Plaintiffs/Counter-Defendants, ) | |
| ) | |
|     v. ) | Case No. 4:10CV1855 FRB |
| ) | |
| THE CARPENTER HEALTH AND ) | |
| WELFARE TRUST FUND OF ) | |
| ST. LOUIS, ) | |
| ) | |
|    Defendant/Counter-Claimant. ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff Candice Suter's Motion For Summary Judgment On Defendant's Counterclaim (Docket No. 31). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Procedural Background and Evidence Before the Court**

Plaintiffs Michael Suter and Candice Suter brought this action in the Associate Division of the 21st Judicial Circuit Court, St. Louis County, Missouri, alleging that defendant The Carpenter Health and Welfare Trust Fund of St. Louis ("Defendant") had wrongfully refused to pay benefit claims. On October 1, 2010, Defendant removed the matter to this Court, alleging that this Court has jurisdiction over the plaintiffs' claims inasmuch as they arise under the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. The parties do not dispute that The Carpenters Health and Welfare Trust

-1-

Fund of St. Louis is an employee benefit plan governed by ERISA (also "Plan").

Defendant subsequently filed an Answer and a two-count Counterclaim. Count II of the Counterclaim was dismissed by this Court on June 17, 2011, and Plaintiff Candice Suter ("Plaintiff") now moves for summary judgment on Count I.

In Count I, Defendant alleges that Plaintiff Michael Suter was injured in a motor vehicle accident on or about April 27, 2004 (also "the accident"), for which a third party is or may be responsible. The Counterclaim alleges that the Plan provides that: "The covered person, and anyone acting on his or her behalf, shall hold the third-party recovery In Trust, as Trustee, for the benefit of the Plan, to be applied first in satisfaction of the reimbursement obligation of the covered person." (Docket No. 7 at page 5). The Counterclaim alleges that, "[o]n information and belief Plaintiffs have received or are about to receive from a third party monies in an unknown amount on account of an act omission [sic] for which the Fund paid benefits to or for the benefit of Plaintiff Michael Suter in the amount of $3,364.23." (Docket No. 7 at page 5). In the Counterclaim, Defendant asks that this Court enter judgment in its favor as follows:

> (a) Declaring that if Plaintiffs have received or will receive any monies from a third party on account of an act or omission causing an injury for which the Fund paid benefits, Plaintiffs will hold such monies as trustees of the Settlement Trust for the benefit of the Fund;

> (b) Imposing an equitable lien in favor of Defendants and the Fund on any monies Plaintiffs have received or will receive from a third party on account of an act or omission causing an injury for which the Fund advanced benefits to or for the benefit of Michael Suter; and
>
> (c) Declaring that the equitable lien in favor of Defendants and the Fund on any such monies is superior to any other claim that may be asserted against such monies including, but not limited to, any claim of attorney's lien or any claim for attorney's fees; and
>
> (d) Awarding Defendants their costs in this action including a reasonable attorney's fee . . .

(Docket No. 7 at pages 6-7).

## II. Discussion

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986). A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in the non-moving party's favor. Anderson, 477 U.S. at 248. In determining whether the dispute is genuine, this Court should believe the evidence of the non-moving party, and draw justifiable inferences in that party's favor. Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 272 (8th Cir. 1992) (citing Anderson, 477 U.S. at 255); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,

475 U.S. 574, 587 (1986); Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005); Littrell v. City of Kansas City, Mo., 459 F.3d 918, 921 (8th Cir. 2006) (the Court must view the facts, and the inferences therefrom, in the light most favorable to the nonmoving party). The moving party has the burden to establish both the absence of a genuine issue of material fact, and its entitlement to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson, 477 U.S. at 247; Celotex Corp., 477 U.S. at 322.

Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see also Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, (1986)("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") If the opposing party fails to carry that burden, or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See Celotex, 477 U.S. at 322. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita, 475 U.S. at 586.

In support of the instant Motion for Summary Judgment, Plaintiff Candice Suter argues that Defendant had failed to come

-4-

forth with any evidence to support any of the elements of its claim against her, particularly that she had received, or will receive, money from a third party relating to the accident involving Plaintiff Michael Suter. In support of her Motion, Plaintiff Candice Suter filed, <u>inter alia</u>, her sworn affidavit in which she averred that she has never received payment from a third party relating to the automobile accident involving Plaintiff Michael Suter; that she never made a claim from a third party relating to the automobile accident involving Michael Suter; and that she did not intend to file such a claim in the future. (Docket No. 32, Attachment 2). Plaintiff Candice Suter also argues that Defendant has, in response to her Motion, failed to come forth with evidence demonstrating the existence of a genuine issue of material fact on these issues. Plaintiff Candice Suter argues her entitlement to summary judgment, inasmuch as Defendant has failed to establish an essential element of its claim against her in Count I.

Plaintiff Michael Suter has filed a separate Motion for Summary Judgment, raising issues independent of those raised in the instant Motion. <u>See</u> (Docket No. 33).

On August 19, 2011, Defendant filed a single responsive pleading, entitled "Memorandum In Opposition To Plaintiffs' Motion For Summary Judgment." (Docket No. 37). Therein, Defendant specifically and repeatedly referred to Plaintiff Michael Suter by name, but made no reference to Plaintiff Candice Suter, and did not address the issue of whether there existed evidence that she had received or would receive money from a third party as a result of

-5-

the accident. Defendant also referred to and addressed the issues Plaintiff Michael Suter raised in his Motion for Summary Judgment, but did not address or even refer to the issues Plaintiff Candice Suter raised in her Motion for Summary Judgment, as noted above. In addition, while Defendant submitted with its response affidavits from four individuals pertaining to matters related to Plaintiff Michael Suter, none of the affidavits reference Plaintiff Candice Suter. Finally, while Defendant submitted a copy of a docket sheet pertaining to a civil matter filed by Plaintiff Michael Suter against the individual previously identified as the third party in the accident, there is no indication that Plaintiff Candice Suter was a party to that matter. Because Defendant wholly fails to even refer to Plaintiff Candice Suter or to the issues she raised which are supported by her sworn affidavit, the undersigned can find no basis to conclude that Defendant intended its response to be directed to Plaintiff Candice Suter's Motion for Summary Judgment, or that Defendant has attempted to come forth with specific facts showing a genuine issue for trial on its claim against Plaintiff Candice Suter.

Even if the undersigned did interpret Defendant's response to relate to Plaintiff Candice Suter's Motion for Summary Judgment, the undersigned would conclude that Defendant has failed to set forth, by affidavit or other admissible and probative evidence, specific facts showing the existence of a genuine issue for trial. The issue of whether Plaintiff Candice Suter has received or will receive money from a third party relating to the

accident is the threshold issue of Count I. Defendant makes no attempt to establish to this Court that it has any basis for a viable claim against Plaintiff Candice Suter absent this element, nor is any such basis apparent. Plaintiff Candice Suter has submitted her sworn affidavit demonstrating the absence of this element, and Defendant has made no attempt whatsoever to come forth with evidence showing this Court that a genuine issue of material fact exists as to this element.

Viewing the facts in Defendant's favor and giving Defendant the benefit of all reasonable inferences, the undersigned concludes that Plaintiff Candice Suter has established entitlement to judgment as a matter of law, and Defendant has failed to come forth with specific facts showing a genuine issue for trial. See Anderson, 477 U.S. at 256 (once the moving party has met its burden, the nonmoving party may not rest on the allegations in its pleadings, but must set forth, by affidavit or other admissible and probative evidence, specific facts showing the existence of a genuine issue of material fact). In addition, Defendant has failed to make a showing sufficient to establish an element essential to its case against Plaintiff Candice Suter; namely, that she has received, or will receive in the future, money from a third party relating to the accident involving Plaintiff Michael Suter. Summary judgment should therefore be granted. See Celotex, 477 U.S. at 322 (if a party fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Candice Suter's Motion For Summary Judgment On Defendant's Counterclaim (Docket No. 31) is granted.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of November, 2011.