UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SUTER, et al., | ) |
| | ) |
| Plaintiffs/Counter-Defendants, | ) |
| | ) |
| v. | ) Case No. 4:10CV1855 FRB |
| | ) |
| THE CARPENTER HEALTH AND | ) |
| WELFARE TRUST FUND OF | ) |
| ST. LOUIS, | ) |
| | ) |
| Defendant/Counter-Claimant. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff Michael Suter's Motion For Summary Judgment On Defendant's Counterclaim (Docket No. 33). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

## I. Procedural Background and Evidence Before the Court

Plaintiffs Michael Suter and Candice Suter brought this action in the Associate Division of the 21st Judicial Circuit Court, St. Louis County, Missouri. On October 1, 2010, defendant removed the matter to this Court, alleging that this Court has jurisdiction over plaintiffs' claims inasmuch as they arise under the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3). The parties do not dispute that The Carpenters Health and Welfare Trust Fund of St. Louis (also "Fund") is an employee benefit plan governed by ERISA.

Defendant subsequently filed an Answer and a two-count

-1-

Counterclaim, acknowledging that the plaintiffs are covered individuals under the employee benefit plan (also "Plan"). Count II of the Counterclaim was dismissed by this Court on June 17, 2011, and Plaintiff Michael Suter now moves for summary judgment on Count I.

In Count I, Defendant alleges that Plaintiff Michael Suter was injured in a motor vehicle accident on or about April 27, 2004 (also "the accident"), for which a third party is or may be responsible. The Counterclaim alleges that the Plan provides that: "The covered person, and anyone acting on his or her behalf, shall hold the third-party recovery In Trust, as Trustee, for the benefit of the Plan, to be applied first in satisfaction of the reimbursement obligation of the covered person." (Docket No. 7 at page 5). Defendant alleges that the plaintiffs have received, or will receive, "the settlement sum as the trustees of an express trust, referred to herein as the "Settlement Trust," with the fiduciary duty to apply the Settlement Trust assets to satisfy their reimbursement obligations under the Plan." (Id. at page 6). In Count I, Defendant seeks a declaration that, if the plaintiffs receive money from a third party based on an act or omission that caused injuries for which the Fund paid benefits, that the plaintiffs will hold such money as trustees of the Settlement Trust for the benefit of the Fund.

**II. Discussion**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact

and . . . the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986). A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in the non-moving party's favor. Anderson, 477 U.S. at 248. In determining whether the dispute is genuine, this Court should believe the evidence of the non-moving party, and draw justifiable inferences in that party's favor. Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 272 (8th Cir. 1992) (citing Anderson, 477 U.S. at 255).

A trial court should exercise great caution, and may properly deny a motion for summary judgment when it believes that the better course is to proceed to trial. Id. (citing Anderson, 477 U.S. at 255). Summary judgment is an extreme remedy, and is "not to be entered unless the movant has established its right to a judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances." Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980) (citation omitted).

Relevant to the instant motion is ERISA's civil enforcement provision which permits, inter alia, a plan fiduciary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

-3-

Defendant's status as a fiduciary, and its right to assert the claim it asserts in Count I, has been fully discussed in prior orders entered by this Court in this matter, and will not be repeated here.

In support of the instant Motion for Summary Judgment, Plaintiff Michael Suter states, inter alia, "Defendant has not produced, in response to discovery requests, that it has any information that Michael Suter received any funds from a third party," and that "Plaintiff has no documents showing that Michael Suter has received payment from a third party relating to the automobile accident on April 27, 2004 involving Michael Suter." (Docket No. 33 at page 3). Plaintiff Michael Suter does not aver that he has not or will not receive money from a third party as a result of the accident; he avers only that Defendant has not so proven. Indeed, whether Plaintiff Michael Suter has received or will receive money from a third party relating to the accident is the threshold issue for Defendant's claim in Count I.

In response, Defendant argues that the allegation in Count I that Plaintiff Michael Suter has received or will receive money from a third party as a result of the accident is strongly supported by evidence indicating that Plaintiff Michael Suter filed, and subsequently voluntarily dismissed, a civil action in the Circuit Court of the City of St. Louis on August 26, 2005 against T and M Corporation and also against Jack Leon Priest, the individual identified in the Subrogation Questionnaire as the third party involved in the accident. See (Docket No. 37, Attachment 1,

-4-

page 1). In support, Defendant attached a copy of the docket sheet from cause number 22052-10282, Suter v. T and M Corporation, from Case.net, the state of Missouri's online docketing system. Defendant requests that this Court take judicial notice of this fact pursuant to Federal Rule of Evidence 201. The Eighth Circuit has noted that courts "may take judicial notice of judicial opinions and public records." Stutzka v. McCarville, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (taking judicial notice of an unpublished bankruptcy order of default judgment). Having examined the docket sheet Defendant attaches, and having also independently accessed the docket sheet on Case.net and examined it, the undersigned takes judicial notice of Plaintiff Michael Suter's civil case against T and M Corporation and Jack Leon Priest for the purpose of confirming its existence.

With this evidence, Defendant has met its burden of demonstrating the presence of a genuine issue of material fact: that being whether Plaintiff Michael Suter has received a settlement from a third party related to the accident. Summary judgment is therefore inappropriate. Having so determined, the undersigned declines to address at this time the other arguments raised by Plaintiff Michael Suter and responded to by Defendant, with the exception of noting that Plaintiff Michael Suter's assertion that this matter is not ripe for adjudication is not well taken, inasmuch as he has taken action which Defendant has interpreted as challenging the terms of the Plan, a Plan which Defendant, as a fiduciary, has the right to seek to enforce. 29

U.S.C. § 1132(a)(3).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Michael Suter's Motion For Summary Judgment On Defendant's Counterclaim (Docket No. 33) is denied.

                                                /s/ Frederick R. Buckles
                                                Frederick R. Buckles
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of November, 2011.